### Screwmen's Benevolent Association v. Mary T. O'Donohoe.

Decided February 4, 1901.

**1.—Mutual Benefit Insurance—Fine—Forfeiture.**

    The entry of a fine against a member by the secretary of a benevolent association, without notice, will not affect his financial standing so as to work a forfeiture of his benefit death certificate by placing him in arrears, where neither the constitution nor the by-laws clothed the officer with such power.

**2.—Same—Provision as to Fine Not Self-Executing.**

    Where the constitution of a benevolent association provided that on a certain day of each year all members should join in a labor day parade, and that any member failing to so attend should be fined $2.50, such provision was not mandatory and self-executing in the sense that the mere fact of absence from parade had the effect to make the sum a charge against the member.

Appeal from the County Court of Galveston. Tried below before Hon. Morgan M. Mann.

*Austin & Rose,* for appellant.

*Noah Allen* and *R. H. Tiernan,* for appellee.

#### ON MOTION FOR REHEARING.

GILL, Associate Justice.—Ths cause was affirmed without written

opinion. A motion for rehearing has been submitted in which the reasons presented for the reversal of the judgment are again urged with great earnestness and force. We are also requested to set forth the reasons which control us in disposing of the motion. It is not the custom of this court to write opinions in cases where it is not required, or necessary, in view of another trial, but as the questions involved seem to be of much interest to appellant, we shall briefly state our reasons for adhering to our former judgment.

The litigation grew out of the following state of facts. The appellant is a benevolent association organized for the mutual help of its members. One of its features is the payment of a death benefit to the wife or family of a member upon his death. It has no subordinate lodges, but is an institution whose membership of 500 is composed of cotton screwmen who reside in the city of Galveston, and all of its officers reside in said city.

By a provision of the constitution death benefits were payable upon the death of a member only in case he was at the date of his death in "good financial standing." A member was not in good financial standing if, at the end of any quarter ending the last day of March, June, September, or December, he was indebted to the order in excess of $2. The insured, Peter O'Donohoe, deceasd, who died January 8, 1899, was in good financial standing at the date of his death, unless a charge on the books of the order of $2.50, purporting to be a fine imposed against deceased for failure to attend labor day parade, be held a proper charge against him. Upon this ground alone the order refused to pay the death benefit, and the widow of the deceased brought this suit. The trial court, after the evidence was adduced, charged the jury to find for plaintiff, and this action is assigned as error. It was shown that deceased had paid all other charges and dues demanded by the order, and did not in fact know that the fine in question was standing on the books against him.

By section 2 of article 2 of the constitution of the order, it is ordained that on the first Monday in September of each year all members shall join in a labor day parade in uniform, to be prescribed by the order, and any member failing to so attend shall be fined the sum of $2.50. It will be noticed that no provision is made by which a member may justify his absence in any way, but the management, notwithstanding the absolute terms of the constitution, assumed the right to remit such fine if the member was too ill to attend, or was absent from the city.

No notice or trial was had for his failure to attend labor day parade, but the secretary entered against him on the books of the order a fine of $2.50, the sum named in the constitution. Neither the constitution nor by-laws, either by intendment or in terms, clothes the officer with such power. If he was thus entirely without power to impose the fine, the books stand as if it had never been imposed, and appellant is thrown back upon the contention that the article of the constitution is man-

datory and self executing, and the mere fact of the absence from the parade has the effect to make the sum a charge against him. This contention is utterly untenable. Suppose the article, instead of providing a fine for dereliction, had provided instead that the member should be expelled. Could it be contended with any show of reason that the member would stand expelled without an official ascertainment of the fact and some formal action by the order? If the fact of his absence without excuse had been officially ascertained, the officers would have no discretion in the matter, but must impose the fine. But even if a member was subject to the fine on the facts, the right to impose the penalty might be waived, the government of the order consisting of but one body of officers and they being supreme. To construe the provisions otherwise would render it so unreasonable as to make it doubtful if it could be enforced in such a way as to forfeit property rights.

A provision should be tested not by what has occurred, but in the light of what may occur. But we are not in this instance driven to speculation as to what might happen as a result of such a literal and hard interpretation of the provision. There is evidence strongly tending to show that the member was too sick to attend the parade. Had the member been charged with his offense, he might have been excused upon hearing. Or had the fine been imposed and notice given, the member would in all probability have paid it, rather than suffer his insurance to lapse. He had promptly paid all other charges for years.

It should be borne in mind that the law does not favor forfeitures. A careful inspection of the various sections of article 22 of the constitution of the order, relating to charges against members and their trial and disposition, leads us to believe that their provisions cover the imposition of fines for violations of the constitution and by-laws. They fully provide for notice and hearing, and had this course been pursued the imposition of the fine would have been final and the liability fixed. This not being done, the order is in no position to contest this claim. The amount claimed to be due at the end of the December quarter is only 50 cents in excess of what the member might have owed at his death without incurring a forfeiture. If due at all, it had been due only eight days beyond the limit. The facts were ascertained and the fine imposed ex parte by an officer without authority to do either. We therefore think the trial court correctly held that the undisputed facts showed liability and did not err in directing a verdict for the plaintiff.

Motion overruled. Judgment affirmed.